UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INDUSTRIAL TRANSPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AGRIDYNE, LLC,<br><br>Defendant. | No. 26 CV 5697<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff American Industrial Transport, Inc. leased railcars to defendant Agridyne, LLC. Plaintiff sued Agridyne for breaching the lease agreement, alleging four theories of default. Agridyne moves to dismiss under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer the case to the Central District of Illinois pursuant to 28 U.S.C. § 1404 or § 1406. For the reasons discussed below, defendant's motion to dismiss is denied.

## I. Legal Standards

A party may move under Rule 12(b)(3) for dismissal of an action filed in an improper venue. Fed. R. Civ. P. 12(b)(3). After a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of proving that venue is proper. *See Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969); *Juan Raul Silva Gonzalez v. Mullin*, 2026 WL 3168048, at *4 (N.D. Ill. Oct. 22, 2026). A court reviewing a Rule 12(b)(3) motion to dismiss accepts all facts alleged in the complaint as true, unless contradicted by an affidavit. *Deb v. SIRVA, Inc.*, 832 F.3d

800, 809 (7th Cir. 2016). A court "may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* If venue is improper, a court may, in the interest of justice, transfer a case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II. Background

Defendant Agridyne, LLC leases railcars from plaintiff American Industrial Transport, Inc. [1] ¶¶ 6, 9.[1] Item 33(j) of the lease addresses "Jurisdiction & Jury Waiver" and states as follows: "Lessee agrees that the state and federal courts in the state of Ohio or any other court in which Lessor initiates proceedings have exclusive jurisdiction over all matters arising out of the Lease …" [1-2] at 12.

A dispute arose and plaintiff filed the instant suit for breach of the lease agreement. [1]. Agridyne moves to dismiss under Rule 12(b)(3) for improper venue. [15] at 6–12. In the alternative, Agridyne argues that this action should be transferred to the Central District of Illinois pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). [15] at 12–17.

## III. Analysis

Plaintiff filed suit in the Northern District of Illinois. According to plaintiff, Item 33(j) of the lease operates as a forum-selection clause in which Agridyne waived

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing. The facts are taken from the complaint, [1]. The court has subject-matter jurisdiction over this case because plaintiff is a Delaware corporation with its principal place of business in Missouri, [1] ¶ 2, defendant is an Illinois limited liability company and a "citizen of Illinois for purposes of 28 U.S.C. § 1332," [1] ¶ 3, and the amount in controversy exceeds $75,000, [1] ¶ 4.

its objections to jurisdiction and venue in this district. [23] at 1. Agridyne argues that the clause is permissive rather than mandatory, and that venue is not proper here. [15] at 6–7.

### A. Motion to Dismiss

"[F]orum-selection clauses should control except in unusual cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Defendant does not deny that a valid forum-selection clause in the lease would be enforceable. Agridyne instead argues that Item 33(j) of the lease addresses only jurisdiction and does not specify mandatory venue, and that therefore Agridyne cannot be forced to submit to an otherwise improper or inconvenient venue. [15] at 6–7.

"[J]urisdiction, venue, and forum clauses can be mandatory (exclusive) or permissive (nonexclusive)." *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022) (quoting *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 n.2 (7th Cir. 2007)). "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Id.* (quoting *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)).

According to defendant, Item 33(j) does not mandate venue in any court of plaintiff's choosing. [24] at 6. True, the lease does not use the word "venue" and Item 33(j) is captioned "Jurisdiction & Jury Waiver" as opposed to something more explicitly suggesting a forum-selection clause. [1-2] at 12. But neither *Paper Express*, *IAC*, nor any other case cited by Agridyne requires a forum-selection clause to use the magic word "venue" to render the clause mandatory. The central inquiry "is whether a clause is merely a party's consent to a court's jurisdiction—constituting a permissive forum selection clause—or whether the clause has mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum." *Id.*

Here, the lease's jurisdiction clause operates as a mandatory forum-selection clause. It provides that any court in which American Industrial initiates proceedings will have exclusive jurisdiction over all matters arising out of the lease. [1-2] at 12. The clause includes mandatory language ("exclusive") and specifies the venue ("any … court in which Lessor initiates proceedings"). Defendant's contention that the phrase "exclusive jurisdiction" means something different from the phrase "exclusive jurisdiction and venue" is unconvincing. The phrase "initiates proceedings" implies venue because it speaks to where the case is filed. *See Paper Exp.*, 972 F.2d at 756 ("The phrase 'shall be filed,' coupled with the phrase 'all disputes,' clearly manifests an intent to make venue compulsory and exclusive."). Further, by agreeing to submit to the "exclusive jurisdiction" of a particular forum, the parties manifested their intent to make that venue exclusive and to exclude venue in all other jurisdictions.

*See Piechur v. Redbox Automated Retail, LLC*, 2010 WL 706047, at *3 (S.D. Ill. Feb. 24, 2010).

Reading the clause as an exclusive forum-selection clause does not lead to an absurd and unenforceable result. *See* [24] at 6–7. Like the way "a defendant is deemed to waive … objections to personal jurisdiction or venue simply by not making them in a timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006). It is not absurd to hold a sophisticated company like defendant to the exclusivity written in the text of its agreement.

Agridyne cites *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill.App.3d 175 (1996), for the proposition that the use of "broad, non-specific language" in a clause does not preclude a challenge based on *forum non conveniens*. [24] at 7. But *Whirlpool* involved an insurance contract where the insured agreed to "submit to the jurisdiction" of any court. *Whirlpool*, 278 Ill.App.3d at 178. It may have been "extremely goofy," *IFC Credit Corp.*, 437 F.3d at 612, to read an agreement to submit to any jurisdiction as a waiver of *forum non conveniens*, but here, the contract is clear and specific about the exclusivity of the court selected by plaintiff. It is not permissive.

Item 33(j) of the lease operates as a waiver to both jurisdiction and venue. Because "a person who signs a contract is presumed to know its terms and consents

to be bound by them," venue in the Northern District of Illinois—the court in which plaintiff initiated proceedings—is not improper. *Paper Exp.*, 972 F.2d at 757.

**B. Alternative Motion to Transfer**

Defendant argues that if I decline to dismiss the case for improper venue, I should transfer the case to the Central District of Illinois pursuant to 28 U.S.C. § 1406(a). [15] at 13. Section 1406(a) provides for transfer from an improper venue to any district or division in which a case could have been brought, if in the interest of justice. 28 U.S.C. § 1406(a). Because venue in this forum is proper, the threshold requirement for transfer under § 1406(a) has not been met.

Defendant also argues that transfer is appropriate under § 1404(a). [15] at 13–17. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). According to defendant, the convenience of the parties, the convenience of the witnesses, and the interests of justice favor transfer to the Central District of Illinois. [15] at 14.

But "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (citation omitted). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. This is not an "exceptional" case. Having found that Agridyne waived objection to both jurisdiction and venue,

defendant's convenience argument (grounded in the location of its employees) is similarly waived. The fact that plaintiff maintains an office in Chicago (and that the team located in Chicago is relevant to the dispute), [23] at 13, is only further evidence in support of denying Agridyne's motion to transfer.

Defendant's efficiency argument is no more availing. Agridyne cites no case law suggesting that the "substantial disparity in the number of pending cases per judge" is appropriate grounds for transfer under § 1404(a). [15] at 16; [24] at 17. There is no reason that this court will be unable to litigate the case in a timely matter. To the contrary, the time from filing to resolution of civil cases is *longer* in the Central District than it is here. *See* [23] at 14 (citing *Federal Court Management Statistics*, U.S. Courts (June 2026), https://perma.cc/EG9W-38G4)). I decline to override the parties' forum-selection clause and transfer this case.

## IV. Conclusion

Defendant's motion to dismiss for improper venue, [14], is denied. Plaintiff's conditional motion for jurisdictional discovery, [25], is denied as moot. Defendant shall answer the complaint by November 13, 2026, and the parties shall propose a case schedule in a status report due November 20, 2026.

ENTER:

Manish S. Shah
United States District Judge

Date: October 30, 2026